IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMES BROADHEAD, :

    Plaintiff, :

vs. : CIVIL ACTION 10-0241-CG-C

CAMILLA GRIGGS, et al.,

    Defendants. :

## REPORT AND RECOMMENDATION

This action was filed by an Alabama state inmate and has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2 (c)(4) for appropriate action. It is recommended that this action be dismissed without prejudice for Plaintiff's failure to prosecute and to comply with the Court's order.

In screening plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B), the Court found that further information was needed to clarify plaintiff's allegations. *See Pelletier v. Zweifel*, 921 F.2d 1465, 1522 n.103 (11th Cir.) (ruling that a court should intervene at the earliest moment for clarification of unclear claims), cert. denied, 502 U.S. 855 (1991); *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976) (questions in the nature of a motion for a more definite statement may be propounded to amplify original allegations). Plaintiff, therefore, was **ORDERED** by October 12, 2010, to answer interrogatories under penalty of perjury. Plaintiff was warned that failure to comply with the Court's order within the prescribed time would result in the dismissal of this action for failure to prosecute and obey the Court's order. As of this date, Plaintiff has not complied with or responded in any manner to the Court's order.

Due to Plaintiff's failure to comply with the Court's order and to prosecute this action, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1389 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieved the orderly and expeditious disposition of cases."); *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (recognizing a district court's inherent power to enforce orders and provide for the efficient disposition of litigation); *Wilson v. Sargent,* 313 F.3d 1315, 1331-32 & n.7 (11th Cir. 2002) (holding that a prisoner's failure to pay the partial filing fee under § 1915 is a basis for dismissal); *see generally Betty K Agencies, Ltd. v. M/V Monada,* 432 F.3d 1333, 1337-38 (11th Cir. 2005) (discussing dismissals pursuant to the court's inherent power and dismissals based on Rule 41(b) of the Federal Rules of Civil Procedure, and concluding that only a dismissal *with prejudice* requires findings of contumacious conduct and that lesser sanctions will not suffice).

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this 3rd day of March, 2011.

    s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.      **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.